## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAIN MANAGEMENT CENTERS OF AMERICA, LLC, <br> 820 Town Center Drive <br> Suite 200 <br> Langhorne, PA 19047 <br><br> Plaintiff, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., SECRETARY, UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, <br> 200 Independence Avenue, S.W. <br> Washington, DC 20201 <br><br> Defendant. | Civil Action No. 1:25-cv-00995 <br><br> Medicare Appeals Council Docket No.: M-24-4056 <br><br> OMHA Appeal Number: 3-13407389857 |

### COMPLAINT AND REQUEST FOR JUDICIAL REVIEW

Pain Management Centers of America, LLC ("Plaintiff"), by and through its undersigned counsel, brings this action against Robert F. Kennedy, Jr., in his official capacity as the Secretary of the United States Department of Health and Human Services ("Defendant" or the "Secretary"), alleging as follows:

### I. NATURE OF ACTION

1. This action arises under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 *et seq.* (the "Medicare Act") and the Administrative Procedure Act ("APA"), §§ 551 *et seq.*

2. This is an action requesting judicial review of the decision of the Medicare Appeals Council over which this Court has jurisdiction under 42 U.S.C. § 405(g).

3. The Secretary's final decision was in the form of an Order of the Medicare Appeals Council (the "Decision"). A true copy of the Decision for Appeal Case No.: 3-13407389857, Docket Number: M-24-4056, is attached hereto as Exhibit "A."

4. Plaintiff is an outpatient pain management provider that treats, among other patient populations, Medicare patients in and around Eastern Pennsylvania.

5. Plaintiff seeks reimbursement for its fees for services rendered to Medicare beneficiaries from the Centers for Medicare and Medicaid ("CMS"), which is overseen by the United States Department of Health and Human Services ("HHS").

6. CMS alleges that it overpaid Plaintiff for pain management treatment in the form of spinal cord stimulator implantation services and seeks to recoup that payment, with interest.

7. Here, Plaintiff seeks judicial review of the Decision finding that the specific spinal cord stimulator implantation services rendered to the Medicare beneficiary at issue in this case (the "Beneficiary") were not covered by Medicare Part B because the record did not establish that a physician reviewed and signed the Brief Battery for Health Improvement ("BBHI2") form of the Beneficiary, which form constituted the requisite psychological evaluation, prior to the permanent spinal cord implantation procedure (the "Procedure").

## II.   JURISDICTION AND VENUE

8. This action arises under the Medicare Act, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 *et seq.*; and the APA, 5 U.S.C. §§ 551, *et seq.*

9. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1395ff(b)(1)(a), which provides for "judicial review of the Secretary's final decision after [a] hearing as is provided in section 405(g) of this title."

10. Section 405(g) in turn provides that "[a]ny individual, after any final decision of the [Secretary] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days

after the mailing to him of notice of such decision or within such further time as the [Secretary] may allow." 42 U.S.C. § 405(g).

11. Jurisdiction also exists under the APA, 5 U.S.C. § 706(2), which authorizes this Court to hold unlawful and set aside agency actions, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, without observance of procedure required by law, or unsupported by substantial evidence.

12. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e)(1) because this case is brought against an officer or employee of an agency of the United States in his official capacity.

14. Furthermore, the amount in controversy is more than $1,900.00.

15. Plaintiff has exhausted its administrative remedies.

### III.   PARTIES

16. Plaintiff provides outpatient pain management services from its facility in Langhorne, Pennsylvania.

17. Plaintiff's primary place of business at all times relevant to this Complaint was at 820 Town Center Drive, Suite 200, Langhorne, Pennsylvania 19047.

18. The Secretary is responsible for the conduct and policies of HHS, including the conduct and policies of CMS. Defendant is sued in his official capacity only.

### IV.   PROCEDURAL BACKGROUND

19. Plaintiff performed the Procedure on the Beneficiary on September 10, 2020, and submitted a claim for payment to the Medicare program for the Procedure (the "Claim").

20. According to the initial denial by the Medicare Administrative Contractor, "[p]ayment for the service was initially allowed; however, a Supplemental Medical Review Contractor (SMRC) determined that the medical record did not support coverage and assessed an overpayment." *See* Exhibit "A" pp. 3-4.

21. Plaintiff timely filed a Level 1 Redetermination request with Novitas, the Medicare Administrative Contractor for Pennsylvania (the "Redetermination").

22. On Redetermination, Novitas ruled against Plaintiff on the grounds that the BBHI2 form did not satisfy the requirements of National Coverage Determination for Electrical Nerve Stimulators (160.7) (hereinafter "NCD 160.7") because Novitas believed that the record, specifically, the BBHI2, did not include the Beneficiary's identification or the rendering physician's identification or signature.

23. Plaintiff timely filed a Level 2 Reconsideration request with the Qualified Independent Contractor ("QIC") (the "Reconsideration").

24. The QIC ruled against Plaintiff on the ground that the BBHI2 failed to include the signature of the rendering physician prior to the Procedure.

25. Plaintiff timely requested a Level 3 hearing before an Administrative Law Judge ("ALJ").

26. A consolidated hearing before the ALJ was held on April 26, 2024[1].

27. On June 4, 2024, the ALJ ruled against Plaintiff on the ground that the record failed to establish that a physician reviewed the BBHI2 and approved the Beneficiary for the Procedure.

---

[1] Plaintiff initially filed requests for redeterminations for fifteen (15) nearly identical claims for fifteen (15) distinct Medicare beneficiaries. One (1) claim was reversed at the Level 2 Reconsideration, two (2) claims were reversed by the ALJ pursuant to the consolidated hearing, and one (1) claim was remanded by the OMHA back to the ALJ for a further hearing.

28. Plaintiff timely filed a Level 4 request for review to the Medicare Appeals Council on August 8, 2024.

29. The Decision upheld the lower-level findings on the grounds that the record failed to demonstrate that the Procedure was medically reasonable and necessary, and the BBHI2, despite constituting the requisite psychological evaluation, failed to contain patient identification information or the treating physician's identification or signature. The Decision further noted that the Beneficiary supplies the information that leads to the generation of the BBHI2, not the rendering provider. The Decision reasoned that the designated space for "provider information" on the BBH12 report was left blank and a later-signed attestation was insufficient. Therefore, the Decision determined that Plaintiff is financially liable for the overpayment and constitutes a final determination by the Secretary.

30. This Complaint, which seeks judicial review of the Decision adopting the ALJ's ruling, follows.

## V. FACTS

31. On May 24, 2019, the Beneficiary presented to Plaintiff complaining of lower back pain and thoracic pain, which had been present since July 2018.

32. Plaintiff's Phillip Sasso, M.D. ("Dr. Sasso"), evaluated the Beneficiary and prescribed treatment specifically for radiculopathy of the lumbar region and chronic pain syndrome.

33. The Beneficiary completed a BBHI2 psychological assessment on August 16, 2019. A true and correct copy of the BBH12 is attached hereto as Exhibit "B."

34. On September 18, 2019, the Beneficiary underwent a spinal cord stimulator trial performed by Plaintiff, which is required prior to the Procedure.

35.     Also prior to the Procedure, Dr. Sasso reviewed the results of the Beneficiary's BBHI2 psychological assessment and, based on those results, determined the Beneficiary was an appropriate candidate for the Procedure. A true and correct copy of the Declaration of Phillip Sasso, M.D. is attached hereto as Exhibit "C" (the "Sasso Declaration").

36.     On September 10, 2020, Plaintiff performed the Procedure on the Beneficiary.

37.     The Decision held that Plaintiff failed to satisfy the coverage requirements of NCD 160.7 and Local Coverage Determination (LCD): Spinal Cord Stimulation (Dorsal Column Stimulation) (L35450) (hereinafter "LCD L35450").

38.     NCD 160.7 outlines the "conditions for coverage" and requires that patients undergo "careful screening, evaluation and diagnosis by a multidisciplinary team prior to implantation. (Such screening must include psychological, as well as physical evaluation.)"

39.     LCD L35450 sets forth the documentation requirements for payment and requires that the ***medical record documentation*** (defined as "all documentation maintained in the patient's medical record") "must be legible and include appropriate patient identification information (e.g., complete name, date of service[s]). The documentation must include the legible signature of the physician or non-physician practitioner responsible for and providing the care to the patient."

40.     Neither NCD 160.7 nor LCD 35450 requires that the actual psychological evaluation form (i.e., the BBHI2) include a physician signature.

41.     As stated in the Decision, the requirements of NCD 160.7 were met through the completion of the BBHI2 by the Beneficiary. *See* Exhibits "A" and "B."

42.     Furthermore, Plaintiff satisfied the requirements of LCD 35450 because Dr. Sasso affirmed, under pains and penalties of perjury, that he reviewed the BBHI2 prior to the Procedure. *See* Exhibit "C."

## VI. COUNT I

### Judicial Review Under the APA and Medicare Act

43. Plaintiff incorporates by reference Paragraphs 1-42 as if the same were set forth herein.

44. Plaintiff filed the following four levels of appeal in accordance with CMS regulations: (i) a Level 1 redetermination with the Medicare Administrative Contractor; (ii) a Level 2 Reconsideration with the Qualified Independent Contractor (QIC); (iii) a Level 3 Administrative Law Judge (ALJ) hearing at the Office of Medicare Hearings and Appeals (OMHA); and (iv) a Level 4 Medicare Appeals Council Appeal.

45. The Medicare Appeals Council found that the record failed to demonstrate that the Procedure was medically reasonable and necessary because the BBHI2 failed to include the treating physician's identification and signature.

46. The Decision is a final decision of the Secretary, which permits Plaintiff to now seek judicial review of the same in this Court.

47. The Decision should be overturned because, contrary to the conclusions reached by the ALJ and affirmed by the Medicare Appeals Council, the documentation supporting the Claim demonstrates Plaintiff satisfied the applicable Medicare regulations because the requisite psychological evaluation was conducted through the use of the BBHI2 and reviewed prior to the Procedure.

48. Dr. Sasso signed the Sasso Declaration under pains and penalties of perjury attesting that he, the rendering physician, reviewed the BBHI2 prior to the Procedure.

49. The documentation thus demonstrates that the Beneficiary underwent both the requisite physical and psychological evaluations. Specifically:

- On August 16, 2019, the Beneficiary completed the BBHI2 psychological assessment. *See* Exhibit "B"; and

- Prior to the Procedure, Dr. Sasso reviewed the results of the BBHI2 and determined that the Beneficiary was an acceptable candidate for surgery, as evidenced by the Sasso Declaration attached hereto. *See* Exhibit "C."

50. LCD L35450 requires that the ***documentation*** "include the legible signature of the physician or non-physician practitioner responsible for and providing the care to the patient."

51. There is no requirement that the actual BBHI2 include a physician signature, as is consistent with the fact that the physical form of the BBHI2 does not include a place for such a signature, and thus, the BBHI2 is not intended to be signed by the reviewing provider.

52. It is well settled that a provider may rely on a later-completed attestation to add an item to a medical record that the provider did not initially include in that record, as Dr. Sasso did in this instance. *See* Complying with Medicare Signature Requirements at https://www.cms.gov/mln905364-complying-with-medicare-signature-requirements. ("Attestations may be considered, regardless of their creation date, unless the regulation or policy indicates the signature must be in place before a given event or date.").

53. Prohibiting providers from correcting and supplementing medical records with later-completed attestations or modifications would lead to absurd results. Here, most notably, it would mean that the provider would not get reimbursed for clearly medically necessary and appropriate care, and Novitas would be excused from its clear obligation to pay for that care using the premium payments CMS made to it in connection with the Beneficiary. Those are obviously not the results contemplated by the applicable Medicare law and coverage decisions.

54. The Decision also cites attestation standards found in the Medicare Integrity Program Manual ("MPIM") and interprets the standards in an arbitrary and capricious manner.

55. Specifically, the Decision quotes the MPIM, stating that "reviewers shall NOT consider attestation statements from someone other than the author of the medical record entry in question." Exhibit "A" p. 6.

56. The Decision thereafter states that "[h]ere, the BBHI2 has no author other than the company that publishes the evaluation questionnaire and generates the report." Exhibit "A" p. 6. The Decision continues, "[n]otably…it is the beneficiary who supplies the information which leads to the generation of the BBHI2, rather than the treating provider." *Id.*

57. The Medicare Appeals Council's position thus appears to be that because a company – and not the physician who rendered the care at issue – prepared a component of the medical record used to generate a report for that physician's review (i.e., the BBHI2), and the Beneficiary provided information to complete that form, the physician cannot attest as to his or her review of that report.

58. This position is unreasonable, arbitrary, capricious, and an abuse of discretion because it misconstrues the requirement that attestation statements be made by the "author of a medical record entry" and thereby precludes the very person who can most meaningfully attest to the contents of the BBHI2 from completing such an attestation. The point of the BBHI2 is to convey critical information regarding the patient in a report to the treating physician, who can then use that information to make treatment decisions. It makes no sense whatsoever to prohibit that physician from attesting to his or her review of that information, and the resulting treatment decisions, simply because the report is based on a template prepared by a third party.

59. The Decision further reasoned the designated space for "provider information" on the BBH12 report was left blank and a later-signed attestation was insufficient. *See* Ex. "A."

60. As stated above, a provider may rely on a later-completed attestation to add an item

to a medical record that the provider did not initially include in that record. The Medicare Appeal Council's conclusion that the attestation is improper because it was signed "more than three years later," therefore, ignores not just the content of the Sasso Declaration, but also pertinent guidance from CMS itself

61. The Decision concedes that every page of the BBH12 form includes a Patient Identification Number but concludes that "the policy requirements are still not met because the physician is not identified, and the documentation does not contain the physician's signature." Exhibit "A" p. 6.

62. Here, Dr. Sasso reviewed the results of the Beneficiary's BBHI2 prior to the Procedure and found that the Beneficiary was an appropriate candidate for surgery. While Dr. Sasso did not sign the BBHI2 itself, he did complete and sign the Sasso Declaration verifying he completed the review of the BBHI2 prior to the Procedure. *See* Exhibit "C."

63. The BBHI2 is not intended to be signed by the reviewing provider, so the Medicare Appeals Council's contention that the BBHI2 is unsigned is arbitrary and capricious because the signed Sasso Declaration and medical record satisfy the specific signature requirements of LCD35450.

64. Therefore, the documentation in this case unequivocally meets the applicable standards for payment.

WHEREFORE, Plaintiff respectfully request an Order setting aside the Medicare Appeals Council's Decision, which is the Secretary's final decision, and finding that requirements for payment were satisfied by Plaintiff, as well as awarding any other relief that this Court deems just and proper.

                                            Respectfully submitted,

                                            **BUCHANAN INGERSOLL & ROONEY PC**

Dated:   April 3, 2025                By: */s/ Natalie M. Brennan*
                                                   Natalie M. Brennan, Esquire
                                                     Attorney Identification No. 90031537
                                                     50 S. 16th Street, Suite 3200
                                                     Philadelphia, PA 19102
                                                     Telephone: (215) 665-8700
                                                     natalie.brennan@bipc.com
                                                     *Attorneys for Plaintiff, Pain Management Centers of America, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff's Complaint was served on April 3, 2025 upon the following individuals via certified mail:

Robert F. Kennedy, Jr.
Secretary
Department of Health and Human Services
200 Independence Avenue, S.W.
Washington, DC 20201

Sean R. Keveney, Esquire
Acting General Counsel
Department of Health and Human Services
200 Independence Avenue, S.W., Room 713-F
Washington, DC 20201

Edward R. Martin, Jr., Esquire
U.S. Attorney
United States Attorney's Office for the District of Columbia
601 D. Street NW
Washington, DC 20004

Pamela Bondi, Esquire
Attorney General of the United States
U.S. Department of Justice,
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**BUCHANAN INGERSOLL & ROONEY PC**

*/s/ Natalie M. Brennan*

Natalie M. Brennan, Esquire

*Attorneys for Plaintiff, Pain Management Centers of America, LLC*